Michael L. Labertew – 5501
Labertew & Associates, LLC
4764 South 900 East #3
Salt Lake City, Utah 84117
Telephone: 801-424-3555
E-mail:  michael@labertewlaw.com

*Attorneys for Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re:<br>**LINDA WOOLF**,<br>Debtor. | Bankruptcy No. 10-22326 JTM<br>Chapter 7<br>Honorable Joel T. Marker |
|---|---|

**DEBTOR'S RESPONSE TO MOTION OF**

**UNITED STATES TRUSTEE TO REOPEN CASE**

Debtor, through her attorney of record, Michael L. Labertew, submits this Memorandum in Response to the US Trustee's Motion to Reopen Debtor's Chapter 7 case.

**FACTS OF THE CASE**

1.      The U.S. Trustee filed its Motion to Reopen in this matter following the reopening of the Debtor's spouse's separate Chapter 7 case, *In re Vernon Trevor Woolf*, Case No. 11-34634 (US Bankruptcy Court, District of Utah, Central District), and his subsequent 2004 Examination under Rule 2004, US Bankruptcy Rules.

2.      In Mr. Woolf's case, the US Trustee alleged that "certain key information was not disclosed by the Debtor … and the UST wishes to investigate these allegations."

3. At the time, Mr. Woolf did not know the "certain key information" to which the US Trustee was alluding, but at the 2004 Examination, Mr. Woolf discovered that it related to certain assets that were not disclosed by Mr. Woolf in any of his bankruptcy filings, precisely due to the fact that it is the debtors' position that the assets in question do not, and did not at applicable times, belong to the debtors, but rather belong to and are owned by either Hands On Capital, Inc. and/or Marlene and Cornell Thomas.

4. In the present case and present motion, the US Trustee alleges that "certain assets were not disclosed by the Debtor in her Statement of Financial Affairs and Schedules of Assets and Liabilities and the UST wishes to reopen her case so that the Trustee can take control of these assets and liquidate them for the benefit of creditors."

5. As explained above, the Debtor believes these allegations to be false, and accordingly objects to her case being reopened under these false pretenses.

**ARGUMENT**

Although the Court has broad discretion to reopen a closed case (*See Williams v. Lemons*, 977 F.2d 597 (10th Cir. 1992), it should only been done "when cause for such reopening has been shown." Lemons at 598, *citing Matter of Case*, 937 F.2d 1014, 1018 (5th Cir.1991). In the present matter, Debtor contends that the allegations upon which the US Trustee is relying to reopen the Debtor's case are false, in that the assets do not belong to Debtor, and likewise should not and cannot be liquidated as the US Trustee intends to accomplish.

For these reasons, and based on the incorrect allegations set forth in the US Trustee's Motion, it should be DENIED.

DATED this 4th day of March, 2013.

        /s/ Michael L. Labertew_____
Michael L. Labertew
Labertew & Associates, LLC
Attorneys for Debtor

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing Responde to Motion was caused to be delivered to the following via ECF this 4th day of March, 2013:

Laurie A. Cayton
laurie.cayton@usdoj.gov

Kenneth A. Rushton
Krus8416@aol.com

                                                      /s/ Michael L. Labertew
                                                      Michael L. Labertew